# United States Court of Appeals

## For the Eighth Circuit

_____

No. 24-1410

_____

Association for Government Accountability; Mark Koran, Senator; Calvin Bahr, Senator; James Roschen; Debra Roschen; Megan Nelson; Andrew Nelson; Dawn Appel; Daniel Appel; Cindy Kohn; David Kohn; Tammi Johnson; Larry Johnson; Meghan Hewitt; A.H., by her next friend and parent Meghan Hewitt; Sarah Johnson; A.J., by his next friend and parent Sarah Johnson

*Plaintiffs - Appellants*

v.

Steve Simon, individually and in his official capacity as Minnesota Secretary of State, or his successor; David Maeda, individually and in his official capacity as Director of Elections for State of Minnesota, or his successor

*Defendants - Appellees*

------------------------------

Wisconsin Voter Alliance

*Amicus on Behalf of Appellant(s)*

_____

Appeal from United States District Court
for the District of Minnesota

_____

Submitted: October 23, 2024
Filed: February 18, 2025

_____

Before COLLOTON, Chief Judge, GRUENDER and KOBES, Circuit Judges.

_____

KOBES, Circuit Judge.

The Association for Government Accountability, some of its members, and two children of members (AGA) sued Minnesota's Secretary of State Steve Simon and Director of Elections David Maeda (together, the Secretary), in their official and individual capacities. AGA alleged that the Secretary violates the Driver's Privacy Protection Act (DPPA), 18 U.S.C. § 2721 *et seq.*, when he shares personal information from individual motor vehicle records with the Electronic Registration Information Center (ERIC), an "organization governed exclusively by a group of states to improve the accuracy of the voter registration records in the [statewide voter registration system]." Am. Compl. ¶¶ 40, 41 (quoting the interagency agreement between the Department of Public Safety and the Office of the Secretary of State).

The DPPA provides a cause of action against "[a] person who knowingly obtains, discloses or uses personal information, from a motor vehicle record, for a purpose not permitted under this chapter." § 2724(a). "Person" is defined as "an individual, organization or entity, but does not include a State or agency thereof." § 2725(2). And the DPPA allows the disclosure of personal information "[f]or use by any government agency . . . in carrying out its functions." § 2721(b)(1). The district court[1] denied AGA's motion for a preliminary injunction and granted the Secretary's motion to dismiss. We review *de novo* the order granting the motion to dismiss. *McDonough v. Anoka Cnty.*, 799 F.3d 931, 945 (8th Cir. 2015).

We agree with the district court that AGA failed to state a DPPA claim against the Secretary in his official capacity. Although state officials "literally are persons," a suit against a state official in his official capacity is "no different from a suit against the State itself." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). This principle was established when the DPPA became law in 1994. *See Orduno v.*

---

[1]The Honorable Paul A. Magnuson, United States District Judge for the District of Minnesota.

*Pietrzak*, 932 F.3d 710, 718 (8th Cir. 2019) ("[T]he relevant inquiry is what background principles were well established when the DPPA became law in 1994."). Because the Secretary in his official capacity is "a State or agency thereof," he is not a "person" who can be sued under the DPPA. *See* § 2725(2).

AGA argues that *Ex parte Young*, 209 U.S. 123 (1908), saves its official-capacity claim for injunctive relief. "Under the *Ex Parte Young* doctrine, a private party can sue a state officer in his official capacity to enjoin a prospective action that would violate federal law." *281 Care Comm. v. Arneson*, 638 F.3d 621, 632 (8th Cir. 2011). *Ex parte Young* ordinarily does not apply, however, "where Congress has prescribed a detailed remedial scheme for the enforcement against a State of a statutorily created right." *Seminole Tribe v. Florida*, 517 U.S. 44, 74 (1996).

The DPPA has a detailed remedial scheme. It vests the Attorney General with the power to impose civil penalties against "[a]ny State department of motor vehicles that has a policy or practice of substantial noncompliance" with the DPPA. § 2723(b). "That Congress explicitly excluded states from the DPPA's definition of persons subject to civil suits while creating a separate avenue of enforcement against one particular type of agency strongly suggests that it did not intend to authorize the more sweeping injunctive relief which would be available against *any* state official sued in her official capacity under *Ex parte Young*." *Nisi v. Brown*, 369 F. Supp. 3d 848, 854 (N.D. Ill. 2019); *see also Potocnik v. Carlson*, 9 F. Supp. 3d 981, 991 n.5 (D. Minn. 2014) ("Because the DPPA specifically provides for a separate civil-penalty provision against state motor-vehicle departments, . . . the Court interprets the DPPA to preclude even suits for prospective relief against state officials acting in their official capacities.").

Nor did AGA plead a viable individual capacity claim. AGA alleged that Simon and Maeda acted in their individual capacities when they entered the contract with ERIC and when they approved the disclosure of personal information to ERIC. Am. Compl. ¶ 220. But it also alleged that Minnesota law authorizes the Secretary to do just that. Am. Compl. ¶ 160 (alleging that Minn. Stat. § 201.13(3)(d)

-3-

authorizes the Secretary to share personal information with ERIC).  So AGA's claim is really one against Simon and Maeda in their official capacities—meaning the state itself—which, as we have already explained, cannot be maintained under the DPPA. *See* §§ 2724(a), 2725(2); *cf. Luder v. Endicott*, 253 F.3d 1020, 1023 (7th Cir. 2001) ("But even when a suit is against a public officer in his or her individual capacity, the court is obliged to consider whether it may really and substantially be against the state.").

Affirmed.

————————————————